■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANIA BROWN, Appellant. [660 NYS2d 22] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered June 6, 1996, convicting her of criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, and petit larceny, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On November 16, 1994, officers from the City of White Plains police department responded to a radio call of two individuals attempting to pick pockets at Macy's. The call described the suspects and stated that they had walked to the nearby Galleria Mall. When the police arrived at the mall, they saw two individuals who matched the descriptions in a store called The Structure. One of the two, the defendant, was known by name to the police as a person suspected of using stolen credit cards. The police observed the defendant purchase several items and leave The Structure, at which time they approached the salesperson and asked how the defendant had paid for the items. The police learned that the defendant had used a credit card issued in the name of Judith Weiss, which is not the defendant's name. The defendant was then stopped in a nearby A&S store and was brought back to The Structure by the police, where she was identified as the person who had used the credit card issued in the name of Judith Weiss. The defendant was then arrested and the credit card was discovered on her person.

At the suppression hearing, the police witnesses testified that the defendant was neither handcuffed nor forcibly returned to The Structure. The defendant, on the other hand, produced a witness, a friend of her mother, who testified that she saw the police "tussle" with the defendant on the floor of

the A&S store, and handcuff her. The suppression court found that the defendant had been handcuffed and forcibly returned to The Structure, but denied that branch of the defendant's omnibus motion which was to suppress the physical evidence, finding that the defendant was not arrested until after the identification at The Structure store, at which time the police had probable cause. The defendant now argues that her handcuffing at the A&S store constituted an arrest without probable cause, and therefore the evidence must be suppressed. We disagree.

The police had probable cause to arrest the defendant when they stopped her in the A&S store (see generally, People v Bigelow, 66 NY2d 417, 423; People v Attebery, 223 AD2d 714, 715). The later identification of the defendant by the salesperson at The Structure store provided the police with no information which they did not already possess. The defendant matched the description of one of the pickpockets, and the police were aware that the defendant had just used a credit card which was not issued to her name. Thus, even if the arrest is deemed to have occurred at the A&S store, it was supported by probable cause, and the court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.